UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                            :

**ERIC DELFONCE** *also known as* **ELIE**         :
**DEFONCE,**
                                            :
                Plaintiff,
                                            :      **MEMORANDUM DECISION and**
                                                                   **ORDER**
             **-** against **-**                             :
                                            :            16 Civ. 6627 (AMD) (LB)

**ELTMAN LAW, P.C.,**                            :
                                            :
                Defendant.
                                            :
------------------------------------------------------------- X

**ANN DONNELLY,** District Judge.

       The plaintiff filed this lawsuit on November 30, 2016 seeking monetary damages, in connection with a March 9, 2016 collection letter related to a default judgment against the plaintiff. The plaintiff claims that the defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.*, because the letter was misleading and deceptive. (ECF No. 5.) After the plaintiff submitted the March 9, 2016 letter at issue, I published a detailed order requiring the plaintiff to show cause why his complaint should not be dismissed in its entirety for failing to state a claim upon which relief could be granted. The plaintiff responded to this order on December 15, 2017. I heard oral argument on February 15, 2017. Now, for the reasons set out below, the plaintiff's complaint is dismissed in its entirety.

## BACKGROUND

       The plaintiff had an outstanding debt of nearly $36,000. The defendant sent the plaintiff a letter advising him that the defendant had been retained to collect this debt. While the plaintiff claimed that the letter was deceptive and misleading, he neglected to attach it to his complaint.

However, because it was incorporated into the complaint by reference, I instructed the plaintiff to file the letter electronically. (Nov. 30, 2016 Docket Order.) The letter reads in relevant part:

> Judgment Date: 10/20/2008
>
> Dear Mr./Ms. Delfonce:
>
> Please be advised that Eltman Law, P.C. has been retained by LVNV Funding LLC, . . . for collection of this Debt.
>
> . . . [T]his letter should not be taken as . . . a threat of legal action. However, if you fail to contact this office, our client may consider the availability of additional remedies to recover the balance due.
>
> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If, within thirty (30) days after your receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment, and we will mail to you a copy of such verification or judgment. If you request of this office in writing within thirty (30) days after receiving this letter, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> As of the date of this letter you owe a balance of $35,856.24. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before your check is deposited.

(March 10, 2016 Letter (ECF No. 5).) The "Account Summary" inset provides that the original creditor was Citibank USA, N.A., and that the creditor to whom the plaintiff owes the debt is LVNV Funding LLC. The Account Summary lists the "Eltman File #" and represents that $35,856.24 is due. (March 10, 2016 Letter.)

On December 1, 2016, I issued a detailed order to show cause, which identified the deficiencies in the complaint for each provision of the FDCPA listed in the pleading, and instructed the plaintiff to show cause why the action should not be dismissed. (Dec. 1, 2016 Order to Show Cause (ECF No. 6).) The plaintiff responded on December 15, 2016. (ECF No. 7.) I heard oral argument on February 15, 2017.

The plaintiff concedes, as he must, that the defendant's letter contains the notices required by 15 U.S.C. § 1692g. He also acknowledges that the letter cautions that it is "not a threat of legal action." Nevertheless, the plaintiff argues that this information is "overshadowed" by a single line at the top of the page: "Judgement Date: 10/20/2008." The word "judgment," says the plaintiff, could delude the "least sophisticated consumer" into thinking that a "legal action" exists, despite the explicit statement to the contrary.

For the reasons stated on the record and discussed below, the plaintiff's complaint is dismissed.

## DISCUSSION

The plaintiff contends that the defendant violated the "various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1)." (Compl. ¶ 23.) Each of the provisions identified specifically by the plaintiff were addressed in the December 1, 2016 order to show cause.

The district court has the power to "note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair." *Hirsch v. 725 Assocs.*, No. 10-cv-9499 LGS, 2014 WL 3950791, at *2 (S.D.N.Y. Aug. 13, 2014) (quoting *Lugo v. Keane,* 15 F.3d 29, 30 (2d Cir.1994)); *see also* 5B The Late Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure*, § 1357 (2016) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."); *Webster v. Penzetta*, 458 F. App'x 23, 25 (2d Cir. 2012), *as amended* (Jan. 24, 2012) ("A district court has inherent authority to dismiss meritless claims *sua sponte,* even when a plaintiff has paid his filing fee.").

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court must accept as true factual allegations, *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012), this principle does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible basis for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *In re Amaranth Nat. Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

In deciding whether a pleading states a claim upon which relief can be granted, the Court may consider only the facts alleged in the complaint, documents attached as exhibits or incorporated into the complaint by reference, matters of which judicial notice may be taken, or documents integral to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *see also Lotito v. Recovery Assocs. Inc.*, No. 13-cv-5833-SJF-AKT, 2014 WL 4659464, at *3 (E.D.N.Y. Sept. 17, 2014). Thus, for purposes of this decision, I consider the allegations in the complaint and the March 9, 2016 collection letter.

Congress enacted the Fair Debt Collection Practices Act to counteract "abusive, deceptive, and unfair debt collection practices." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(a)). In view of the fact that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the Act was meant "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

4

consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(a), (e). Moreover, the Act was targeted to address "the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 223 (2d Cir. 2015) (citations omitted).

It is, of course, true that a court evaluating whether a letter complies with the FDCPA considers the letter from the perspective of the "least sophisticated consumer." *Jacobson*, 516 F.3d at 90. Under the "least sophisticated consumer" inquiry, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (citation omitted). This standard is meant to protect "the gullible as well as the shrewd." *Jacobson*, 516 F.3d at 90.

However, the Second Circuit has clarified that, while the least sophisticated consumer is not as savvy as the "average, everyday consumer," he is "neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (citation omitted). Thus, the FDCPA does not protect plaintiffs whose allegations are based "bizarre or idiosyncratic interpretations of collection notices." *Id.* (citations omitted).

### i. Section 1692g

The plaintiff pleads violations of 15 U.S.C. § 1692g, which requires that the debt collector provide the consumer with certain types of information. (Compl. ¶ 10.) In particular, Section 1692g(a) requires that the debt collector send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

5

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g(a). As the plaintiff acknowledges, the collection letter includes the necessary Section 1692g notices. (Compl. ¶ 12.) In light of this fact, the December 1, 2016 order stated that the plaintiff was to show cause why the FDCPA claim, to the extent that it is grounded in an alleged violation of Section 1692g, should not be dismissed.

  The argument that "judgment" language "overshadowed" the Section 1692 notices is simply untenable. It is well established in this Circuit that a debt collector violates Section 1692g, even if the collector includes the required Section 1692 notice, "if that notice is overshadowed or contradicted by other language in communications to the debtor." *Jacobson*, 516 F.3d at 90. "A notice overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights." *Id.* (internal quotation marks and citation omitted).

  Here, the collection letter sets out each component of the 1692g notice, and the letter does not include language that courts in this Circuit have determined to overshadow or contradict the 1692g notice. For instance, the collection letter does not set a date by which payment is due that might mislead a consumer about the right to dispute the debt, *cf. Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996), nor does it create ambiguity as to when the thirty-day period to dispute the debt begins. *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1155 (E.D.N.Y. 1996). Nor does it omit discussion of the fact that interest may accrue on the

amount due. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

The letter provided that the consumer could dispute the validity of the debt "within thirty (30) days after receiving this notice." Thus, even the least sophisticated consumer would not be misled or deceived into believing that he had to dispute the validity of the debt within thirty days of October 20, 2008.

Moreover, the collection letter states that "this letter should not be taken . . . as a threat of legal action," and provides that if the consumer disputes the debt, the collector "will obtain verification of the debt or a copy of any judgment."[1] The only reasonable interpretation is that a judgment may form the basis of the debt. There is no risk of confusion. Because the collection notice did not violate Section 1692g, that claim is dismissed.

        *ii. Section 1692e*

The plaintiff accuses the defendant of violating Sections 1692e, 1692e(2), 1692e(5), and 1692e(10). Under Sections 1692e(2), a debt collector violates the FDCPA if it makes a false representation of either the "character or legal status of any debt," or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C.A. § 1692e(2). Section 1692e(5) prohibits the debt collector from making any "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C.A. § 1692e(5), and Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C.A. § 1692e(10).

---

[1] There is no allegation that the debt collector actually commenced a lawsuit seeking to recover the unpaid debt. *Cf. Ellis*, 591 F.3d at 136 ("a validation notice is overshadowed where a debt collector serves a consumer with process initiating a lawsuit during the validation period, without clarifying that commencement of the lawsuit has no effect on the information conveyed in the validation notice").

7

The plaintiff does not specify how the collection letter violated the various cited provisions of Section 1692e. Instead, and in response to the order to show cause, the plaintiff maintains that:

> Defendant's Collection Letter can be read to have two different meanings by the least sophisticated consumer. First, a judgment is identified at the top of the Collection Letter with a specific date. The term[] "judgment" implies that a decision by the court of respective rights and claims of the parties to an action or suit. [sic] The natural conclusion that can be drawn from the use of the term judgment, even by the least sophisticated consume[r], is that a legal action exists and Defendant's claim that there is no threat of legal action appears to be false.

(Pl.'s Show Cause Response at 11 (ECF No. 7).)

This interpretation of the collection letter is "idiosyncratic" and "irrational." *Ellis*, 591 F.3d at 135. The collection letter explains that the plaintiff owed a debt of $35,856.24 to Eltman Law, P.C. If plaintiff disputed the debt, the letter specified that the defendant would "obtain verification of the debt or a copy of any judgment." The letter is not itself a judgment or the commencement of litigation, and even the most "gullible" consumer would not be misled into believing that it was. *Jacobson*, 516 F.3d at 90.

### iii. Section 1692f

Section 1692f(1) prohibits a debt collector from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C.A. § 1692f(1). The plaintiff does not dispute the amount due, nor does he assert that the amount was not authorized by agreement nor permitted by law. Thus, to the extent that the plaintiff's FDCPA claim is based in Section 1692f(1), it is dismissed.

The plaintiff also alleges that the defendant violated Section 1692f generally. Section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or

attempt to collect any debt." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 83 (2d Cir. 2015) (quoting 15 U.S.C. § 1692f). "The list of § 1692f violations found in the subsections are nonexhaustive," *Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 314 (E.D.N.Y. 2015), and the Second Circuit has described Section 1692f as a "catchall provision." *Rogers v. Capital One Servs., LLC*, 447 F. App'x 246, 249 (2d Cir. 2011).

Aside from the examples enumerated in Section 1692f, the FDCPA does not define "unfair or unconscionable." *Sutton*, 121 F. Supp. 3d at 314. However, courts have found an action unfair where it is "marked by injustice, partiality, or deception," and unconscionable when it is "unscrupulous," "show[s] no regard for conscience," or "affront[s] the sense of justice, decency, or reasonableness." *Id.* (collecting cases).

The list of actions described in subsections (1) through (8) of Section 1692f provides some context for the meaning of "unfair or unconscionable." For example, Section 1692f prohibits collecting a debt authorized by agreement or law, (*see* § 1692f(1)), accepting or soliciting a postdated check without particular circumstances (*see* §§ 1692f(2)–(4)), charging someone with the cost of communications by hiding the purpose of the communication (*see* § 1692f(5)), acting or threatening to dispossess or disable property when there is no present right to the property (*see* § 1692f(6)), communicating about a debt by a postcard (*see* § 1692f(7)), or sending mail with any symbol other than the debt collector's address and business name (*see* § 1692f(8)).

In considering a similar claim that the debt collector's conduct violated Section 1692f, the Honorable Raymond J. Dearie observed that "viable claims under section 1692f are generally defined by either (1) the unauthorized taking of money or property (e.g., collecting amounts not authorized by law, charging for communications, or unlawfully garnishing money or property),

9

or (2) communicating with a consumer in a manner that will cause their *public* embarrassment or invasion of privacy (e.g., sending a postcard or stamping an envelope as from a debt collector)." *Sutton*, 121 F. Supp. 3d at 315 (collecting cases). In this case, the plaintiff does not allege, and the collection letter does not suggest that the defendant took money or property without authorization, or that the defendant communicated with the plaintiff in such a way as to cause public embarrassment or invade his privacy.

"[R]elatively innocuous" letters that "*correctly* inform[ ]" consumers of their potential liability and are "not misleading," "deceptive," or "abus[ive] [of] the debt collector's superior economic position" do not violate the FDCPA. *Id.* at 316 (collecting cases). The collection letter in this case does not violate Section 1692f. It is neither "unfair" nor "unconscionable." Additionally, and as already discussed in the context of the Section 1692e claim, there is nothing deceptive or misleading about the letter. Even from the view of the least sophisticated consumer, the collection letter is nothing more than an innocuous letter attempting to collect a debt.

## CONCLUSION

For the reasons stated on the record on February 15, 2017, and as described above, the plaintiff's complaint is dismissed in its entirety.

**SO ORDERED.**

       /s/ Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      February 15, 2017